UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case Nos. 02-CR-96-JPS, 01-CR-196-JPS |
| DERIC A. BROWN, | |
| Defendant. | ORDER |

**1.    INTRODUCTION**

Now before the Court are Defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Case Nos. 01-CR-196 at ECF No. 47 and 02-CR-96 at ECF No. 21, and to remove FDS as attorney for Defendant and allow him to proceed pro se, Case Nos. 01-CR-196 at ECF Nos. 57, 59 and 02-CR-96 at ECF Nos. 31, 33.[1] The Court will grant Defendant's motions to remove FDS and to allow Defendant to proceed pro se. And for the reasons stated herein, the Court will deny the motion for compassionate release.

**2.    BACKGROUND**

On June 14, 2021, Defendant Deric A. Brown ("Defendant") filed a motion for compassionate release. ECF No. 47. On October 13, 2021, Federal Defender Services ("FDS"), through Attorney John Campion ("Campion"), indicated it would assist in filing a reply on Defendant's behalf, should the Government oppose the motion. ECF No. 50. On October 18, 2021, the Court

---

[1]For the sake of simplicity, the Court will hereafter cite only to the filings and docket entries of 01-CR-196. These filings and docket entries are replicated, but numbered differently, in 02-CR-96.

ordered the Government to respond to the motion, ECF No. 51, and the Government did so on November 1, 2021, ECF No. 52. Despite FDS's previous indication that it would file a reply on Defendant's behalf, FDS did not do so.

Several months went by. On February 18, 2022, Defendant moved the Court to withdraw FDS from the matter and to allow Defendant to file a reply brief pro se. ECF No. 57. He accordingly filed a pro se reply on March 4, 2022. ECF No. 58. Defendant made several additional filings over the next several months informing the Court that FDS had not been in touch with him and did not appear to have drafted anything on his behalf. ECF Nos. 59, 60.

On October 17, 2022, after unsuccessfully attempting to get in touch with Campion regarding his inactivity in this matter, the Court entered a notice of hearing for a status conference. The Court held a telephonic status conference on November 3, 2022. ECF No. 61. Therein, the Court expressed its concern regarding Campion's lack of communication with both Defendant and the Court. *Id*. The Court ordered Campion to communicate with Defendant and report back to the Court as to whether Defendant would prefer to proceed pro se or continue to wait on a reply brief from FDS. *Id*.

On November 9, 2022, and November 21, 2022, Campion notified the Court of his communications with Defendant and noted that Defendant preferred to proceed pro se. ECF Nos. 62, 63. On November 28, 2022, Defendant submitted a letter to the Court confirming that he had spoken with Campion. ECF No. 64 (filed December 2, 2022). He wrote therein that he preferred for the Court to rule on his motion "as it stands," without further input from FDS, as "Campion . . . had over a year or so to submit a

rebuttal to the Governments [ sic] respons [sic]" and had never done so. *Id*. Defendant felt that the trust between himself and Campion "has been broken" and that he was prepared for the Court to rule on his motion based on the record already before it. *Id*. Accordingly, the Court will do so.[2]

### 3.    PREVIOUS SENTENCE REDUCTION

The Court also notes a previous successful reduction in sentence, as acknowledged by Defendant in the present motion. *See* ECF No. 47 at 1 ("A previous filing under the same provisions was filed on February 18, 2020. That motion was granted for the limited relief sought. It is against that backdrop that the Defendant respectfully seeks additional relief as outlined herein."). On February 18, 2020, Defendant moved the Court to reduce his sentence pursuant to the First Step Act based on the revision to the § 924(c) stacking provision. ECF No. 36. On August 7, 2020, the Court granted the motion, writing that "[i]f Brown had been sentenced today rather than in 2002, there is no question that he would have received 408 months' imprisonment, rather than 624 months." ECF No. 45 at 9–10; *see also id.* at 15–16 ("If Brown had been sentenced today, he would be serving a 34-year sentence, not a 52-year sentence—an eighteen-year difference in length.").

The Court at that time additionally noted that Defendant appeared to have made a "complete 180-degree change in attitude and conduct." *Id*. at 2. The Court concluded that the sentencing disparity, in conjunction with Defendant's superb prison record, constituted "compelling and extraordinary circumstances" for purposes of sentence reduction. *Id*. at 10. "Brown is 62 now. He will be 73 if he is released with good-time credit. His advanced age combined with the thoroughly documented changes he has

---

[2]The Court acknowledges Defendant's diligent prosecution of this matter and commends his patience.

made in his character and his life—as well as the extensive programming he can expect to receive under supervised release—all but ensure that the public will be safe from any future drug-fueled armed robberies." *Id*. at 16. Accordingly, the Court entered an amended judgment and order, reducing Defendant's "total term of imprisonment" from "624 months to 408 months." ECF No. 46.

4. **FACTS & ARGUMENTS**

Brown, incarcerated at Milan FCI,[3] seeks a further sentence reduction of 60 months. ECF No. 47 at 3. He writes that this will still "leave him facing potentially a *third* decade in prison, but . . . that it will place him significantly closer [to release] in light of his age." *Id*. at 5.

Defendant cites the Court's August 7, 2020 order for the proposition that further sentence reduction may be warranted because if he had been sentenced today, his predicate offenses themselves may have involved lower sentences, resulting in a lower sentence overall. *Id*. at 2–3 (citing ECF No. 45 at 9–10 ("If Brown had been sentenced today rather than in 2002, there is no question that he would have received 408 months' imprisonment, rather than 624 months . . . Moreover, Brown's sentences for the predicate offenses may have been lower, resulting in a lower sentence overall.")). Accordingly, Defendant requests that the Court "modifiy [sic] the sentences for the predicate acts of Bank Robbery from (240 months) down to (180 months)." *Id*. at 6. "This is a reduction of (60) months with the same order of concurrency." *Id.* "The Court may equally rely on the idea

---

[3]Determined through a search of the Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/, and verified by mailing addresses on Defendant's most recent filings. *See* ECF No. 64. Although Defendant is currently located at Milan MCI, he was incarcerated at Greenville MCI at the time he filed the present motion for sentence reduction.

Page 4 of 16
Case 2:02-cr-00096-JPS   Filed 12/22/22   Page 4 of 16   Document 39

that the predicate offenses for the bank Robberies and their sentences were fueled by a pre-*Booker* sentencing regime which were mandatory. Thus, those sentences are now ripe to be modified . . . ." *Id*. at 6–7. "In essence, Defendant is respectfully urging the court's focus to be on the sentence for the predicate offense since it would be significantly lower under the spirit of today's sentencing guidelines and policies." *Id*. at 7.

Moreover, Defendant writes, since the Court's previous reduction in sentence, Defendant contracted COVID-19. *Id*. at 7. He "still suffers for [sic] mild symptoms of shortness of breath and some difficulty identifying smells." *Id*.

In response, the Government argues that the administrative exhaustion requirement is not met here because the grounds Defendant provided to the Bureau of Prisons ("BOP") in his administrative request are not the same grounds now brought before the Court. ECF No. 52 at 6–7. Moreover, even if the administrative exhaustion requirement had been met, the Government argues that further reduction in sentence would still not be warranted because non-retroactive changes in sentencing law—for example, changing the Guidelines from mandatory to advisory, alone or in combination with other factors—do not constitute extraordinary and compelling reasons for relief. *Id*. at 7.

5.   **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit has held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia.

Page 6 of 16
Case 2:02-cr-00096-JPS   Filed 12/22/22   Page 6 of 16   Document 39

U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii). The commentary further provides for certain family circumstances which may support compassionate release, namely the death or incapacitation of the caregiver of a defendant's minor child(ren) or the incapacitation of a defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. *Id.* § 1B1.13 n.1.(C).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

6. **ANALYSIS**

The Court need not analyze whether Defendant sufficiently exhausted his administrative remedies because, as discussed further below, the Court finds that Defendant has not proffered an extraordinary and compelling reason justifying further sentence reduction.

**6.1     COVID-19**

Defendant asserts that he contracted COVID-19 in December of 2020 and that he continues to suffer from mild symptoms. ECF No. 47 at 7. As of the time of his motion, however, he had become fully vaccinated. *Id.*

The outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). However, the risk calculus has changed significantly given the introduction of very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[4] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[5]

It quickly became the law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210,

---

[4]FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[5]*See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Still though, the Seventh Circuit has reined in the district courts' running with this case law:

> We close with an observation about COVID-19 vaccines in the context of requests for compassionate release. The government points to our language in *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021), in which we said that the availability of vaccines had effectively eliminated the risks of COVID-19 to most federal prisoners. But that opinion was handed down before Omicron became the dominant variant in this country (with an increase in breakthrough infections among the fully vaccinated). And it included a safety valve for prisoners to show that they are unable to receive or benefit from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine. *Id.* Recent events underscore the need for a district court's opinion to leave us assured that it considered the applicant's individualized arguments and evidence.

*United States v. Rucker*, No. 21-2001, 2022 WL 610625, at *3 (7th Cir. Mar. 2, 2022). Thus, while Defendant's vaccination status does not immediately eliminate him from consideration for early release, his ability to benefit from the vaccine certainly undercuts his request.

An individualized look at Defendant's case instructs that compassionate release is not appropriate for reasons related to COVID-19. Defendant was infected with COVID-19 roughly two years ago and appears to have recovered, spare for mild shortness of breath. ECF No. 47 at 7. While he is over the age of 60, he is now fully vaccinated. *Id.;* ECF No. 58-1 at 7. It is reasonable to conclude that an individual's risk of contracting COVID-19 does not constitute an extraordinary and compelling reason for sentence reduction in light of the individual having been fully vaccinated. *United*

States v. Carr, No. 21-3108, 2022 U.S. App. LEXIS 12175, at *4 (7th Cir. May 5, 2022).

The Court does not dispute that Defendant has suffered from some effects of the COVID-19 pandemic, but he has not presented evidence that he is at any particular risk moving forward. For example, Defendant does not appear to have a severely weakened immune system. And as Defendant concedes, everyone is vulnerable to the risks of COVID-19 to some extent. ECF No. 58-1 at 8. As to Defendant, COVID-19 does not offer an extraordinary and compelling reason warranting release.

### 6.2 Defendant's Family Circumstances

Defendant next argues that he is needed at home to care for his elderly mother. The Court recognizes that Defendant's family is undergoing hardship as a result of Defendant's incarceration during a pandemic. But this is not a situation unique to Defendant. Courts have found that the burden placed on a defendant's family by the defendant's incarceration is not a reason to justify release. *See, e.g.*, *United States v. Nazer*, 458 F. Supp. 3d 967, 973 (N.D. Ill. 2020) (holding that a defendant's spouse's inability to watch and homeschool their kids due to her job in healthcare during the COVID-19 pandemic did not constitute an extraordinary or compelling circumstance as would warrant a reduction of his sentence); *United States v. Schnabel*, No. 2:17-CR-169, 2020 WL 3566613, at *4 (S.D. Ohio July 1, 2020) ("[T]he incarceration of many inmates poses a hardship to their families. The defendant's family circumstances are not extraordinary."); *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). The hardships put on Defendant's

Page 10 of 16
Case 2:02-cr-00096-JPS   Filed 12/22/22   Page 10 of 16   Document 39

family by his incarceration do not constitute an extraordinary and compelling reason.[6]

### 6.3 Changes in Sentencing Law

Lastly, as characterized by the Government, Defendant

> argues extraordinary and compelling reasons exist for his compassionate release under Section 603(b) of the First Step Act because his sentence for the robberies could have been lower under *Dean v. United States*, 137 S. Ct. 1170 (2017), which now permits sentencing courts to consider the mandatory minimum sentence imposed for § 924(c) offenses in determining an appropriate sentence for the underlying offense. Brown also invokes *United States v. Booker*, 125 S. Ct. 738, 748 (2005), which held the Guidelines are advisory, not mandatory.

ECF No. 52 at 7. According to the Government, both cases "represent a non-retroactive change in sentencing law decided after Brown was sentenced" and do not suffice as grounds for sentence reduction. *Id*.

As correctly noted, *Booker* determined that the Sentencing Guidelines are advisory rather than mandatory. *United States v. Booker*, 543 U.S. 220, 245 (2005). And *Dean* held that nothing in the requirements of § 924(c) "prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Dean v. United States*, 581 U.S. 62, 72 (2017).

The Government cites *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021) in support of its contention that these non-retroactive changes cannot

---

[6]Although the Court is permitted to stray from the guidelines, the commentary to U.S.S.G. § 1B1.13 provides two situations in which "family circumstances" may constitute extraordinary and compelling reasons: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Neither circumstance is applicable in the present case.

Page 11 of 16
Case 2:02-cr-00096-JPS   Filed 12/22/22   Page 11 of 16   Document 39

constitute extraordinary and compelling circumstances for purposes of sentence reduction. ECF No. 52 at 7. Indeed, the Sixth Circuit there wrote that "[t]he four 'factors' the district court identified do not constitute the 'extraordinary and compelling reasons' required to reduce Hunter's sentence. The Court impermissibly factored in a non-retroactive change in sentencing law (*Booker*) . . . ." *Hunter*, 12 F. 4th at 563. "The district court erred when it considered *Booker*'s non-retroactive change in sentencing law as a factor to support an 'extraordinary and compelling' reason for Hunter's release. The non-retroactivity doctrine is an ordinary rule applied to all criminal defendants. Because of that rule, *Booker* is not retroactive . . . ." *Id*. "[N]othing in § 3582(c)(1) suggests that Congress intended to displace that rule in the context of sentence reductions." *Id*.

"After the district court issued its ruling, this court held that the non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—cannot be used to find 'extraordinary and compelling reasons' for a sentence reduction under § 3582(c)(1)(A)(i)." *Id*. Courts simply cannot use § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Id*. (internal citation omitted). And "[j]ust as courts cannot use § 3582(c)(1)(A) as an 'end run around' Congress' retroactivity choices, . . . courts cannot use that statute to circumvent binding precedent declaring the non-retroactive effect of new rules of criminal procedure." *Id*. at 565. "[T]he phrase 'extraordinary and compelling reasons' in § 3582(c)(1)(A)(i) is not a license to override the non-retroactivity of any statute, Guideline, or Supreme Court decision whenever a district court believes that the non-retroactive nature of the law is unfair or inequitable." *Id*. at 568.

Page 12 of 16
Case 2:02-cr-00096-JPS    Filed 12/22/22    Page 12 of 16    Document 39

The Seventh Circuit has expressed similar reasoning. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). In *Thacker*, the court held that a non-retroactive change to statutory mandatory minimum sentencing could not constitute an extraordinary and compelling reason for relief. *See id.* ("[T]he discretionary authority conferred by § 3582(c)(1)(A) only goes so far. It cannot be used to effect a sentencing reduction at odds with Congress's express determination . . . that the amendment to § 924(c)'s sentencing structure apply only prospectively."). "Put another way, there is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *Id.* (internal citation omitted). "[R]equesting a sentencing reduction in the name of compassionate release on the basis that the prescribed sentence . . . reflects an outdated legislative choice by Congress, and the like . . . . cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id.*

It is true that *Thacker* was decided within the context of § 924(c)'s stacking penalties and, as Defendant notes in his reply, ECF No. 58 at 3, "[f]ortunately, this petition is not an attack upon § 924(c)." However, the Seventh Circuit has since confirmed the relevance of *Thacker* even beyond the circumstances there presented.

In *United States v. Duncan*, the Seventh Circuit confirmed *Thacker*'s reasoning and application to the effect of *Dean v. United States* in motions for sentence reduction. *United States v. Duncan,* No. 22-1155, 2022 U.S. App. LEXIS 24836, at *2–3 (7th Cir. Sep. 2, 2022).[7] There, the defendant had

---

[7] The Court acknowledges that at the time Defendant filed the present motion and briefing thereto, this precedent did not yet exist. Defendant in his

contended that his sentence should be reduced in light of *Dean,* "which held that a sentencing court may offset a statutory-minimum sentence under § 924(c) by adjusting the sentence for any other offense, allowing for the possibility of a lower overall sentence." This is precisely what Defendant here argues. "On appeal, [defendant] argues that the district court read *Thacker* too broadly by concluding that the change in law brought about by *Dean* could not be an extraordinary and compelling reason." *Id*. at *3–4.

The Seventh Circuit didn't bite. "The court's interpretation of *Thacker* was correct," the court wrote. *Id*. at *4. *See also Carr,* 2022 U.S. App. LEXIS 12175, at *3 ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Brock,* 39 F. 4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction. To permit otherwise would allow § 3583(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255. We rejected that view in *Thacker* . . . and do so again here.").

Accordingly, neither *Booker* nor *Dean* provide a path to demonstrating an extraordinary and compelling reason for sentence reduction. Nor do they provide such a reason when considered in the aggregate with Defendant's circumstances as a whole. *United States v. McKinnie*, 24 F.4th 583, 588–89 (6th Cir. 2022) ("[A] non-retroactive judicial decision cannot support a finding of extraordinary and compelling

---

response had requested that *Thacker* "not be allowed . . . to negate the Petitioner's request here." ECF No. 58 at 3. The Court's hands are now tied.

circumstances whether 'offered alone or combined with other personal factors.'").

Also relevant is the Sixth Circuit's statement in *Hunter* that "[a]lthough Hunter's rehabilitation is a post-sentencing change that the district court could consider, it cannot serve as a stand-alone reason." *Id.*; *see also McKinnie,* 24 F.4th at 588 ("Rehabilitation, for one, is not by itself extraordinary and compelling."); *United States v. Spells,* No. 1:06-CR-75-SEB-DKL-01, 2022 U.S. Dist. LEXIS 99419, at *4–5 (S.D. Ind. June 3, 2022) ("The Court recognizes that [defendant] has completed many programs and courses during his time in prison . . . . And while the Court commends him on these substantial accomplishments, rehabilitation alone is not an extraordinary and compelling reason for release.") (citing *United States v. Whited*, No. 21-1644, 2022 U.S. App. LEXIS 11479, at *2 (7th Cir. Apr. 28, 2022)). Similarly, Defendant's rehabilitation and noteworthy performance in prison, while commendable, cannot suffice to justify further sentence reduction.

7. **CONCLUSION**

Defendant has not proffered extraordinary and compelling justification warranting further sentence reduction. Nor does consideration of Defendant's proffered reasons in the aggregate so warrant. *See McKinnie*, 24 F.4th at 588 ("Whatever shortcomings these factors may have on their own, McKinnie says their collective force justifies a sentence reduction. But why would combining unrelated factors, each individually insufficient to justify a sentence reduction, amount to more than the sum of their individual parts?"). Therefore, the Court will deny Defendant's motion for compassionate release, ECF No. 47.

Accordingly,

**IT IS ORDERED** that Defendant's motions to remove FDS as attorney for Defendant and allow Defendant to proceed pro se, 01-CR-196 at ECF Nos. 57, 59 and 02-CR-96 at ECF Nos. 31, 33, be and the same are hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant's motion for compassionate release, 01-CR-196 at ECF No. 47 and 02-CR-96 at ECF No. 21, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge