# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>DERIC A. BROWN,<br><br>                Defendant. | Case Nos. 02-CR-96-JPS and 01-CR-196-JPS<br><br>**ORDER** |

**1.    INTRODUCTION**

Now before the Court is Defendant Deric Brown's ("Defendant") third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Case Nos. 01-CR-196, ECF No. 66 and 02-CR-96, ECF No. 40.[1] For the reasons stated herein, the Court will deny Defendant's motion for compassionate release.

**2.    BACKGROUND**

In 2001, Defendant went on "a drug-fueled crime spree that included robbing eight banks, carjacking two cars, and stealing a police squad car," all within the span of two months. ECF No. 45 at 1. As part of that spree, he also led police on a high-speed chase during which he crashed into an empty school bus. ECF No. 69 at 2. All of this occurred shortly after his release from prison on state charges. *Id.*

In October 2001, Defendant was federally indicted. ECF No. 1. Just seven months later, he was again federally indicted. Case No. 02-CR-96,

---

[1]Citations herein are to entries in Case No. 01-CR-196 unless otherwise noted.

ECF No. 2. His federal cases were then consolidated. June 12, 2002 docket entry; Case No. 02-CR-96, ECF No. 3 and June 12, 2002 docket entry. Defendant pleaded guilty to seven bank robberies and two counts of brandishing a firearm during two of the bank robberies. ECF No. 69 at 2; ECF No. 20 (consolidated plea agreement). Defendant's offense level, which "included enhancements for otherwise using a firearm, abduction to facilitate escape, carjacking, loss amount, and obstruction," plus a credit for his acceptance of responsibility, totaled 35. ECF No. 69 at 2. The Court sentenced Defendant to a total term of imprisonment of 624 months, to run consecutively with the term of imprisonment imposed in a previous state case. ECF No. 24 at 2. He was also ordered to pay over $38,000 in restitution. *Id.* at 6; ECF No. 69 at 3 ("[R]estitution remains outstanding.").

In February 2020, Defendant filed his first motion for compassionate release. ECF No. 36. The Court granted the motion on the grounds that Defendant had demonstrated a remarkable degree of rehabilitation and that he would have received a significantly lighter sentence had he been sentenced in 2020. ECF No. 45 at 9–10 ("If [Defendant] had been sentenced today rather than in 2002, there is no question that he would have received 408 months' imprisonment, rather than 624 months."); *id.* at 12–16 (discussing Defendant's substantial rehabilitation and concluding that the sought reduction would not be inconsistent with the factors set forth in 18 U.S.C. § 3553(a)). The Court accordingly ordered that Defendant's term of imprisonment on Count Nine be reduced from 300 months to 84 months, for a total term of imprisonment of 408 months. *Id.* at 16; ECF No. 46 (amended judgment).

Less than a year later, Defendant moved for compassionate release again. ECF No. 47. Defendant again grounded his motion in his

rehabilitation and the disparity between the sentence that he received and that which he would receive if he were sentenced at the time of his motion in 2021. *See generally id*. As additional grounds, he cited his need to care for his elderly mother at home and the fact that he had contracted COVID-19 in prison. *Id.* at 7.

The Court denied Defendant's second motion for compassionate release. ECF No. 65. It concluded that none of Defendant's proffered bases for relief, whether considered individually or in the aggregate, constituted an extraordinary and compelling reason for early release. *Id.* at 15 (citing *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) and *United States v. Spells*, No. 1:06-CR-75-SEB-DKL-01, 2022 U.S. Dist. LEXIS 99419, at *4–5 (S.D. Ind. June 3, 2022)). With respect to COVID-19, the Court noted that it had been over two years since Defendant was infected, he appeared to have largely recovered, and he was now fully vaccinated. *Id.* at 9 (citing ECF No. 47 at 7 and ECF No. 58-1 at 7). With respect to the asserted sentencing disparity, the Court was constrained by binding authority to conclude that non-retroactive changes in sentencing law did not constitute extraordinary and compelling reasons for compassionate release. *Id.* at 11–15 (citing, inter alia, *United States v. Hunter*, 12 F.4th 555, 563, 565, 568 (6th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021); *United States v. Duncan*, No. 21-1155, 2022 U.S. App. LEXIS 24836, at *2–4 (7th Cir. Sept. 2, 2022); and *United States v. Carr*, No. 21-3108, 2022 U.S. App. LEXIS 12175, at *3 (7th Cir. May 5, 2022)). The Court also concluded that Defendant's rehabilitation and performance in prison, "while commendable," did not justify further sentence reduction beyond that which the Court had previously granted him. *Id.* at 15.

Defendant now moves for compassionate release for the third time. ECF No. 66.[2] He is currently confined at Duluth FPC, is 66 years old, and has a projected release date in November 2031. Inmate Locator, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 1, 2025). Defendant again grounds his motion for compassionate release in his rehabilitation and the fact of his "unusually long sentence." ECF No. 66 at 5–7. The Government opposes the motion. ECF No. 69. For the reasons discussed herein, the Court will deny the motion.

3.  **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).[3] There must be "extraordinary and compelling reasons warrant[ing] such a reduction." *Id.* § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission" (the "Commission"). *See also United States v. Black*, 715 F. Supp. 3d 1069, 1074 (N.D. Ill. Feb. 6, 2024), *aff'd*, 131 F.4th 542 (7th Cir. 2025) ("Congress directed the . . . Commission, in policy statements, to

---

[2] For clarity, the Court will order the Clerk of Court to title ECF No. 66 on the docket of Case No. 01-CR-196 and ECF No. 40 on the docket of Case No. 02-CR-96 as "Third Motion Seeking Sentence Reduction Pursuant to Compassionate Release."

[3] The Government concedes that Defendant appears to have satisfied the exhaustion requirement, so the Court will not discuss that aspect of the analysis any further. ECF No. 69 at 4.

'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" (quoting 18 U.S.C. § 994(t))).

In 2020, the Seventh Circuit held that the relevant policy statement, United States Sentencing Guideline ("U.S.S.G.") § 1B1.13, was inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("Section 1B1.13 addresses motions and determinations of the Director, not motions by prisoners. In other words, the . . . Commission has not yet issued a policy statement 'applicable' to [a prisoner's] request."). Therefore, because there was no applicable policy statement, the Seventh Circuit explained that courts have discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A)[, which requires that any reduction be consistent with applicable policy statements by the Commission,] does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement.").

However, November 1, 2023 amendments to § 1B1.13 clarify that, in addition to "expand[ing] the list of specified extraordinary and compelling reasons that can warrant sentence reductions," "the applicability of the policy statement [is extended] to defendant-filed motions . . . ." U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 7 (2023), *available at* https://perma.cc/P7TS-LMXQ. Thus, it appears that the Seventh Circuit's prior determination that the policy statement is inapplicable to defendant-filed motions will change. *See Thacker*, 4 F.4th at 573 ("[U]ntil the . . . Commission updates its policy statement to reflect prisoner-initiated compassionate release motions,

district courts have broad discretion to determine what else may constitute 'extraordinary and compelling reasons' warranting a sentence reduction." (citing *Gunn*, 980 F.3d at 1180–81)) (emphasis added).

Nonetheless, the distinction is ultimately academic. Courts retain discretion under the "catchall" provision of § 1B1.13 to find "any other circumstance or combination of circumstances" that are "similar in gravity" to those specifically enumerated in § 1B1.13 to be extraordinary and compelling bases for release. U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 7, 10 (2023) (referring to § 1B1.13(b)(5) as a "catchall" provision); *cf. Gunn*, 980 F.3d at 1180 (holding, prior to November 1, 2023 amendments, that "[t]he substantive aspects of the . . . Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate [court] holding that judicial discretion has been abused" (citing *Gall v. United States*, 552 U.S. 38, 49–50 (2007) and *Kimbrough v. United States*, 552 U.S. 85 (2007))).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A).

4. **LAW & ANALYSIS**

Defendant argues that his rehabilitation and the fact that his sentence is "extraordinarily long" constitute extraordinary and compelling circumstances for his early release. ECF No. 66 at 3–7. The Court has already concluded that these grounds do not justify further sentence reduction. ECF No. 65 at 15. For the reasons discussed herein, the Court again concludes the same.

### 4.1 Unusually Long Sentence

The Court first addresses Defendant's renewed argument that his "unusually long sentence" constitutes an extraordinary and compelling reason for further sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(6). ECF No. 66 at 7.

It is true that the Guidelines, as amended, expressly set forth the movant's receipt of an "unusually long sentence" as a permissible consideration in determining whether the movant has presented an extraordinary and compelling reason for compassionate release:

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6); *see also United States v. O'Neill*, 735 F. Supp. 3d 994, 1014 (E.D. Wis. 2024) ("The revisions took effect on November 1, 2023, . . . , and included the new § 1B1.13(b)(6), which expressly identifies an 'unusually long sentence' as an extraordinary and compelling basis for release." (citing *United States v. Carter*, 711 F. Supp. 3d 428, 433 (E.D. Pa. 2024))).[4]

But this Court has concluded that the Sentencing Commission exceeded its authority in adopting § 1B1.13(b)(6). In *O'Neill*, the Court engaged in an extremely thorough analysis of this issue, concluding that

---

[4] This amendment was not in effect at the time that Defendant filed his second motion for compassionate release, ECF No. 47, which the Court disposed of in December 2022, ECF No. 65.

Page 7 of 10
Case 2:02-cr-00096-JPS   Filed 05/01/25   Page 7 of 10   Document 47

> [Section] 1B1.13(b)(6) is manifestly contrary to the statutory scheme set forth in § 994(t) and § 3582(c)(1)(A), and that the Commission exceeded its statutory authority by adding the subsection. Setting aside § 1B1.13(b)(6), the Court is left with *Thacker*, 4 F.4th 569 and its progeny, by which the Court is bound. . . . Applying these precedents, the substantial length of Defendant's imprisonment . . . and the 'gross disparity' between the sentence imposed and the sentence that Defendant may receive today, is not an extraordinary and compelling basis for release.

735 F. Supp. 3d at 1024 (citation omitted); *see also Black*, 715 F. Supp. 3d 1069.

The Seventh Circuit has since endorsed that conclusion in *United States v. Black*, 131 F.4th 542 (7th Cir. 2025). The court there confirmed that *Thacker*—and its holding that the substantial length of a movant's sentence, and the disparity between that sentence and the sentence that the movant may receive if sentenced today, does not constitute an extraordinary and compelling basis for compassionate release—remains binding law. *Id.* at 546 (citing *Thacker,* 4 F.4th 569). "[T]he Commission's attempt to [controvert *Thacker*] exceeds its statutory authority . . . ." *Id.* at 543. Accordingly, Defendant is not entitled to compassionate release on this ground.

### 4.2    Rehabilitation

The Court next addresses Defendant's argument that his rehabilitation constitutes an extraordinary and compelling reason for a further sentence reduction. ECF No. 66 at 3–6. Defendant points to his moral development, *id.* at 3, his devotion to his family and service to his community, *id.* at 4, his pursuit of education and programming, *id.* at 5, and his commitment to sobriety, *id.* at 6.

These are important endeavors of which Defendant should be tremendously proud. However, the Court cannot grant Defendant compassionate release based solely on his rehabilitation, as significant as it

Page 8 of 10
Case 2:02-cr-00096-JPS    Filed 05/01/25    Page 8 of 10    Document 47

may be. "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for" compassionate release. U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Since the Court has already rejected Defendant's first asserted ground for compassionate release, *supra* Section 4.1, that leaves him with only his rehabilitation as a potential basis for compassionate release. But his motion cannot, as a matter of law, stand on that that basis alone.

## 5. CONCLUSION

Defendant has not proffered a valid extraordinary and compelling justification warranting further sentence reduction.[5] Therefore, the Court will deny Defendant's third motion for compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant's third motion for compassionate release, Case No. 01-CR-196 at ECF No. 66 and Case No. 02-CR-96 at ECF No. 40, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall entitle ECF No. 66 on the docket of Case No. 01-CR-196 and ECF No. 40 on the docket of Case No. 02-CR-96 as "Third Motion Seeking Sentence Reduction Pursuant to Compassionate Release."

---

[5]The Court accordingly declines to consider the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 ("*Upon a finding* that the prisoner has supplied [an extraordinary and compelling] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) . . . ." (emphasis added)).

Dated at Milwaukee, Wisconsin, this 1st day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge